# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Gabriella Angulo,<br>　　　　　Plaintiff<br><br>v.<br><br>Rachel Tarapchak,<br>Alex Tarapchak, and<br>R & A, L.L.C.<br>　　　　　Defendant | Docket 3:18-cv-00736-RPC<br><br>(JUDGE RICHARD P. CONABOY)<br><br><br><br><br>FILED ELECTRONICALLY |

## PLAINTIFF'S MOTION TO COMPEL

　　1. On May 11, 2018, Plaintiff served discovery requests on all three defendants. A copy of the requests is attached as Exhibit A.

　　2. Defendants objected to the requests that sought information regarding their net worth. Defendants' responses are attached as Exhibit B.

　　3. Specifically, Plaintiff had issued the following discovery requests regarding each Defendant's net worth:[1]

- Interrogatory 9: Please describe each Asset, the nature of your interest in the Asset, your best estimate of the Asset's value, and the basis for the valuation estimate.

---

[1] The parties agree that this discovery is only relevant to the extent that Plaintiff has a claim for punitive damages. (Doc. 9 ¶ 4.3.)

1

- Request for Production 12: Tax returns, including amendments, for 2016 and 2017.

- Request for Production 13: Most recent statements of valuation for all Assets identified in response to interrogatory ¶ 9.

- Request for Production 14: The most recent statement as of May 1, 2018, for each debt that you owe which exceeds $5,000.00.

4. Each Defendant lodged an identical objection to each of the above-identified discovery requests. Specifically, Defendants responded as follows:

> Objection. Defendant objects to this request to the extent that it is information that is not important to the present action; it is not relevant to the subject matter of this action; and not reasonably calculated to lead to discovery of admissible evidence.

5. These objections do not comply with the specificity requirements found in the Federal Rules of Civil Procedure.

6. Furthermore, these objections are contrary to law, because caselaw is clear that a party seeking to recover punitive damages prior to any determination on liability. *See, e.g., Grosek v. Panther Transp., Inc.*, 251 F.R.D. 162, 164–66 (M.D. Pa. 2008)(Munley, J.)("This court has found that plaintiffs have stated a claim for punitive damages, and discovery related to that issue is appropriate. In addition, the court finds that delaying discovery on these matters until after the discovery of evidence supporting punitive damages would be inefficient and delay conclusion of the case."); *N'Jai v. Bentz*, No. CV 13-1212, 2015 WL 13642468, at *1 (W.D.

Pa. Apr. 28, 2015)(following *Gosek* and holding that "Plaintiff's Motion is granted insofar as the Court rules that Defendants' financial information is discoverable, given the punitive damages claim."); *Caruso v. Coleman Co.*, 157 F.R.D. 344, 348 (E.D. Pa. 1994)("when punitive damages are alleged, the weight of authority requires that a defendant disclose his financial condition in pretrial discovery *without* requiring a prima facie showing of punitive damages to justify the discovery."); *E.J. Lavino & Co. v. Universal Health Servs., Inc.*, 1991 WL 275767 (E.D. Pa. Dec. 20, 1991)(collecting cases); *cf. Yanoski v. Silgan White Cap Americas, LLC*, 2016 WL 3406426, at *2 (M.D. Pa. June 21, 2016)(Caputo, J.)(refusing to reopen discovery to allow the plaintiff to obtain financial information that could have been obtained earlier)(citing *Gosek*).

7.  Because Plaintiff is seeking punitive damages from Defendants, she is entitled to obtain the requested information in discovery.[2]

8.  Plaintiff will file a brief supporting this motion within fourteen days.

WHEREFORE, Plaintiff respectfully requests that the Court overrule Defendants' objections to the discovery requests identified in paragraph 3, and

---

[2] Defendants did not object to the discovery requests on the basis that the information was confidential. Nevertheless, recognizing the sensitive nature of the requested information, Plaintiff has offered to enter into a protective order. A copy of that protective order was filed on the docket at Doc. 9-1. Although Defendants have so far refused to agree to the entry of the protective order, Plaintiff remains willing to agree to its entry.

order Defendants to provide full and complete responses to those discovery requests within fourteen days.

> *s/ Carlo Sabatini*
> Carlo Sabatini, PA83831
> Attorney for Plaintiff
> SABATINI FREEMAN, LLC
> 216 N. Blakely St.
> Dunmore, PA 18512
> Phone (570) 341-9000
> Facsimile (570) 504-2769
> Email ecf@sabatinilawfirm.com

## CERTIFICATE OF SERVICE AND OF NON-CONCURRENCE

Service is being effectuated via the CM/ECF system. Defendants do not concur with the requested relief.

> *s/ Carlo Sabatini*
> Carlo Sabatini

## CERTIFICATION OF GOOD-FAITH EFFORTS

The parties conferred by telephone in a good-faith effort to resolve this disagreement. The parties also set forth the basis for their disagreement in paragraph 4.3 of the Joint Case Management Plan. (Doc. 9.)

> *s/ Carlo Sabatini*
> Carlo Sabatini