Exhibit A

(Discovery Requests)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Gabriella Angulo,<br><br>v.<br><br>Rachel Tarapchak,<br>Alex Tarapchak, and<br>R & A, L.L.C. | Docket 3:18-cv-00736-RPC |

Plaintiff

Defendant

(JUDGE RICHARD P. CONABOY)

FILED ELECTRONICALLY

### PLAINTIFF'S FIRST COMBINED DISCOVERY REQUEST DIRECTED TO DEFENDANT R & A, LLC

**Signature Applicable to Entire Combined Request**

*Carlo Sabati*

Carlo Sabatini, PA 83831
Attorney for Plaintiff
SABATINI FREEMAN, LLC
216 N. Blakely St.
Dunmore, PA 18512
(570) 341-9000
carlo@sabatinilawfirm.com

### Definitions

When capitalized, these words and terms have the following meaning:

1.    "Alex" refers to Defendant Alex Tarapchak.

2.    "Alleged Lease Violation" refers to any allegation that has ever been made that Plaintiff has ever violated the Lease, including, without limitation, all of the following allegations that were made by Rachel in the letter attached to the Complaint as Exhibit H:

    a.  that Plaintiff interfered with contractors;
    b.  that Plaintiff interfered with employees of R&A;
    c.  that Plaintiff refused R&A entry to make repairs;
    d.  that Plaintiff refused R&A entry to do inspections;
    e.  that Plaintiff threatened to change the locks;

1

    f.   that because of Plaintiff, R&A was unable to finish construction on the unit above the Apartment;

    g.   that Plaintiff failed to maintain garbage in a clean and sanitary manner;

    h.   that Plaintiff had moved a 100 pound Rottweiler into the Apartment;

    i.   that Plaintiff disturbed the neighbors;

    j.   that Plaintiff destroyed property;

    k.   that Plaintiff smoked on the premises;

    l.   that Plaintiff sent "repeated" text messages and phone calls to the landlord in a volume that amounted to "harass[ment]";

    m.   that Plaintiff is mentally abusive;

    n.   that Plaintiff is verbally abusive; and

    o.   that Plaintiff's residence in the Apartment is placing an undue hardship "on [Rachel] as a landlord."

3.      "the Apartment" has the same meaning as provided in ¶ 14 of the Complaint.

4.      "Asset" refers to any legal, equitable or beneficial interest that you have in property, wherever located and by whomever held, but does not include any property that is worth less than $5,000.00. By way of example only and not limitation, the term asset includes trust accounts of which you are a beneficiary and other financial accounts of any kind. (If the value of your *interest* in the property is less than $5,000.00, the property is nevertheless still considered an "Asset" if the value of the property itself is at least $5,000.00.)

5.      "the Complaint" refers to the complaint filed as Docket Entry 1 in this matter.

6.      "the December 13, 2017 Email" is the document attached hereto as Exhibit A.

7.      "Document" or "Documents" refers to all physical or electronically stored information – including emails and text messages – stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

8.      "FHAA" refers to the Fair Housing Amendments Act of 1988.

9.      "FHAA-Related Communication" is a communication from Plaintiff that either provides information that is related to her rights under the FHAA or that seeks an accommodation under the FHAA. By way of example only, and without limiting the meaning of this definition, the term includes: any statement that asserts that Plaintiff suffers from any type of physical or mental impairment; any information that indicates that Plaintiff "has a record of such an impairment" (as that phrase is used in 24 C.F.R. § 100.201); any information related to how

2

Ruby could assist or perform tasks for Plaintiff's benefit; and any request by Plaintiff for an accommodation to afford her an equal opportunity to use and enjoy the Apartment.

10.     A request to "Identify" or provide an "Identification" of a Document is a request to state as applicable: the date of the Document; the type of Document; the names of the persons who prepared the Document; the present location of the Document; the name and current business and home addresses of the present custodians of the original Document and any copies of it; a summary of the contents of the Document; and if the original Document was destroyed, the date and reason of the destruction or the circumstances under which it was destroyed.

11.     A request to "Identify" or for "the Identity" of a person is a request to state that person's full name, position, business address, business telephone number, date of termination of employment (if applicable), current work schedule, last known home address, and last known home telephone number.

12.     "The Lease" has the same meaning as provided in ¶ 14 of the Complaint.

13.     "Rachel" refers to Defendant Rachel Tarapchak.

14.     "R & A" refers to Defendant R & A, L.L.C.

15.     "Relevant Law" refers to the Fair Housing Amendments Act, the Landlord and Tenant Act of 1951 and the Fair Credit Extension Uniformity Act.

16.     "Ruby" refers to the dog identified in ¶ 26 of the Complaint.


**Interrogatories**

Please answer under oath, in accordance with the Rules of Civil Procedure, the following interrogatories.

1.     Identify every person with factual information relevant to this case not otherwise identified in one of the following interrogatories.

2.     Identify by caption, court, civil action number, and result all litigation and administrative proceedings in which you were ever involved.

3

3.     Identify each person who, at any time in the last five years, has accused you of any form of discrimination or of any violation of any law and describe the allegations made by that person.

4.     Identify each FHAA-Related Communication.

5.     Identify the date, time, and the contents of each written (including text, email, or other electronic) communication you had with Plaintiff or with any other person regarding Plaintiff.

6.     For each oral communication between you and Plaintiff or any other person regarding Plaintiff, Identify the parties to the communication, Identify each other person that was present when the communication occurred, describe the contents of the communication and, state as narrowly as you can the date or time period during which the communication was made.

7.     To the extent that you, Plaintiff, or any other person made any other oral statement that may be relevant to this action, please Identify the person who made the statement, Identify any witness who may have heard the statement, describe the contents of the statement and, state as narrowly as you can the date or time period during which the statement was made.

8.     Indicate every audio and video recording ever made of any statement by Plaintiff and whether or not those recordings have been preserved, and the current location and/or disposition of those recordings.

9.     Please describe each Asset, the nature of your interest in the Asset, your best estimate of the Asset's value, and the basis for the valuation estimate.

10.     State in detail the facts upon which you rely for each affirmative defense listed in your Answer.

11.     If your response to the Requests for Admissions served simultaneously herewith is anything other than an unqualified admission, then please state as to each denial the specific facts forming the basis for such denial and Identify each witness and Document that supports the denial.

12.     With respect to each Alleged Lease Violation, Identify each person who could provide testimony to support the allegation and state the facts that the person could testify to in support of the allegation.

13.     Describe fully any systems you maintain or operate to track the financial status of the tenants' accounts and communications with tenants.

14.     For each policy or procedure that is relevant to this case, describe the policy, including an identification of any written documentation of the policy.

<u>Defendant's Verification Regarding Answers Pursuant to Fed.R.Civ.P. 33(b)(5)</u>

Under penalty of perjury, I certify that the foregoing responses to interrogatories are true and correct.

Executed on: _____          _____
                     Date                              Signature

                                                       _____
                                                       Print Name

                                                       _____
                                                       Print Title

<u>Attorney's Statement Regarding Objections
Pursuant to Fed.R.Civ.P. 33(b)(5)</u>

Pursuant to Fed.R.Civ.P. 33(b)(5) I hereby sign the above objections.

                                                       _____
                                                       Scott E. Schermerhorn, Defendant's Counsel

**Request for Production of Statements**

Pursuant to Rule 26 and 34 of the Federal Rules of Civil Procedure Plaintiff demands that copies of the following be made available within thirty (30) days:

*All statements made by parties and non-parties concerning the above action or its subject matter which are discoverable pursuant to the Rules of Civil Procedure.*

For purpose of this request, a "Statement" is (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

If you claim that any Statement is protected from disclosure on the basis of a privilege, you must identify on a privilege log each Statement and the individuals who were parties to the

communications, providing sufficient detail to permit a judgment as to whether the Statement is at least potentially protected from disclosure.

This Request shall be deemed continuing so as to require further and supplemental production if additional Statements are obtained between the time of the initial production and the time of trial.

## Request for Admissions

Please admit the following:

1.      Before August 31, 2017 you were aware that Gabriella Angulo had applied for Supplemental Security Income benefits.

2.      Before August 31, 2017 you were aware that Gabriella Angulo was receiving Supplemental Security Income benefits.

3.      Before October 6, 2017, you knew that Plaintiff had asserted that she had a handicap that would warrant the use in the Apartment of a service animal.

4.      Before October 10, 2017, you had never disputed (orally or in writing) that Plaintiff had a handicap.

5.      Before October 10, 2017, you had never disputed (orally or in writing) that Ruby would help Plaintiff cope with a handicap.

6.  The document attached to the Complaint as Exhibit C is the first writing from, or on behalf of, any Defendant which challenged either (a) that Plaintiff had a handicap, or (b) that Ruby could help Plaintiff cope with a handicap.

7.  During the period beginning on October 11, 2017 at 7:12 P.M. and continuing through December 8, 2017, you have never challenged the sufficiency of any information provided by Plaintiff to establish that Plaintiff has a disability.

8.  During the period beginning on October 11, 2017 at 7:12 P.M. and continuing through December 8, 2017, you have never sought any additional information regarding: (a) Plaintiff's handicaps, (b) how Ruby assisted Plaintiff in ameliorating the effects of her handicaps, (c) whether Ruby qualified as an assistance animal, or (d) Plaintiff's need for Ruby as a reasonable accommodation.

9.  The December 13, 2017 Email provided the landlord with Plaintiff's new address.

10. The December 13, 2017 Email satisfied any condition that a tenant provide a landlord with her new address in writing, as set forth by 68 P.S. § 250.512(a).

11. Plaintiff is a "consumer" as that term is defined in 73 P.S. § 2270.3.

12. R & A is a "creditor" as that term is defined in 73 P.S. § 2270.3.

13. The unpaid rent referred to in ¶ 130 of the Complaint is a "debt" as that term is defined in 73 P.S. § 2270.3.

14. By failing to return the security deposit, R & A was collecting the debt that was owed by Plaintiff.

15. The document attached to the Complaint as Exhibit F is an email that was sent to Lori Jasinski and Rachel on the date and at the time indicated in the email.

16. The document attached to the Complaint as Exhibit E is a letter from Plaintiff's physician that was signed on October 11, 2017 at 5:19 P.M.

17. The December 13, 2017 Email is an email from Carlo Sabatini to Scott Schermerhorn.

18. From November 7, 2017 through at least the filing of this lawsuit, Scott Schermerhorn was R&A's attorney with respect to the disputes between Gabriella Angulo and R&A regarding the Apartment.

19. Scott Schermerhorn received the December 13, 2017 Email on December 13, 2017.

20. On December 13, 2017, Scott Schermerhorn represented R&A with respect to R&A's dispute with Angulo regarding the Apartment.

### Request for Production of Documents

Plaintiff requests that *Defendant* produce for inspection and copying within (30) days the documents described herein. If the native format of a document is electronic, then Plaintiff requests that the document be produced in an electronic format in a manner to be agreed upon between counsel for the parties.

This Request shall be deemed continuing so as to require further and supplemental production if *Defendant* obtains additional *Documents* required to be produced herein between the time of the initial production and the time of trial.

**If you claim that any Document is protected from disclosure on the basis of a privilege, you must identify on a privilege log each Document and the individuals who were parties to the communications, providing sufficient detail to permit a judgment as to whether the Document is at least potentially protected from disclosure.**

Please produce all of the following:

1.      Documents, electronically stored information, and tangible things identified in your disclosures pursuant to Fed.R.Civ.P. 26(a)(1).

2.      Documents or other evidentiary material upon which you based any damages identified in your disclosure pursuant to Fed.R.Civ.P. 26(a)(1)(A)(iii).

3.      Documents in your possession or which you have access to which contain any information relevant to any damages any party is claiming in connection with this case, including bills, receipts, canceled checks, invoices, charges, tax returns, calculations, and any other Document, without limitation, which pertains to any claimed damages of any party.

4.      Documents consulted in the course of preparing responses to this Combined Discovery Request.

5.      Documents identified in response to any interrogatory or request for admission.

6.      Documents that contain any information provided by Plaintiff at any time.

7.      Documents that mention the Plaintiff's name or that refer to Plaintiff or the Lease without specifically mentioning or stating her name.

8.      Documents not already requested which contain information which you believe is relevant to this case.

9.      Documents (including computer generated reports) which include Plaintiff's name, address, telephone number, account number, or any other information which is personally identifiable to Plaintiff.

10.     Documents that specifically refer to Plaintiff, the Lease, or this litigation.

11.     Documents received by you in response to a subpoena issued in this case.

12.     Tax returns, including amendments, for 2016 and 2017.

13.     Most recent statements of valuation for all Assets identified in response to interrogatory ¶ 9.

14.     The most recent statement as of May 1, 2018, for each debt that you owe which exceeds $5,000.00.

15.     Documents that describe or establish Defendant's procedures and training to ensure compliance with any Relevant Law.

**Defendant's Verification Regarding Responses to**
**Request for Production of Documents Pursuant to Fed.R.Civ.P. 34**

Under penalty of perjury, I confirm that Defendant has completed its reasonable efforts to locate documents responsive to this discovery request and that all responsive documents which were located have been produced.

Executed on: _____

           Date

_____
Signature

_____
Print Name

_____
Print Title

**Attorney's Statement Regarding Objections**
**Pursuant to Fed.R.Civ.P. 34**

Pursuant to Fed.R.Civ.P. 34 I hereby sign the above objections.

_____
Scott E. Schermerhorn, Defendant's Counsel

Privilege Log

| Description of the *Document* (such as "letter," "memorandum," or "report"). | Date the *Document* was created or annotated. | Date of the *Document* if it is different from the date given in the previous column. | Identity of the *Document's* preparer or the person who annotated it. | Identity of the person to whom the *Document* was sent or for whom the *Document* was created. | Purpose of making annotations or of creating the *Document*. | Number of pages included in the *Document* | Bases for withholding discovery. |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |

## Ashley Werner

| | |
|---|---|
| **From:** | Carlo Sabatini |
| **Sent:** | Wednesday, December 13, 2017 11:43 AM |
| **To:** | Scott E. Schermerhorn |
| **Subject:** | Angulo / R&A LLC |

Dear Attorney Schermerhorn,

Your assistant contacted me on Friday to advise that your client has decided that it will not allow Ms. Angulo to access the apartment. Again, we believe that this refusal is improper as she has not abandoned the property. However, as it is not economically feasible for Ms. Angulo to force access to the property, she instead wishes to recover immediately the few remaining personal items that are located on the premises. Specifically, she would like to pick up: (1) the portable heater that was previously discussed, (2) the grill that was stored on the patio, and (3) a rug which is stored in the attic for the upstairs unit.

Her new address is:
P.O. Box 518
Dunmore, PA 18512

If you have any questions, please let me know.

Carlo Sabatini
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
(570) 341-9000
carlo@bankruptcypa.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Gabriella Angulo,<br>　　　　　　　Plaintiff | Docket 3:18-cv-00736-RPC |
| v. | (JUDGE RICHARD P. CONABOY) |
| Rachel Tarapchak,<br>Alex Tarapchak, and<br>R & A, L.L.C.<br>　　　　　　　Defendant | FILED ELECTRONICALLY |

### PLAINTIFF'S FIRST COMBINED DISCOVERY REQUEST DIRECTED TO
### DEFENDANT ALEX TARAPCHAK

**Signature Applicable to Entire Combined Request**

*Carlo Sabb*

Carlo Sabatini, PA 83831
Attorney for Plaintiff
SABATINI FREEMAN, LLC
216 N. Blakely St.
Dunmore, PA  18512
(570) 341-9000
carlo@sabatinilawfirm.com

### Definitions

When capitalized, these words and terms have the following meaning:

1.　　　"Alex" refers to Defendant Alex Tarapchak.

2.　　　"Alleged Lease Violation" refers to any allegation that has ever been made that Plaintiff has ever violated the Lease, including, without limitation, all of the following allegations that were made by Rachel in the letter attached to the Complaint as Exhibit H:
   a.　that Plaintiff interfered with contractors;
   b.　that Plaintiff interfered with employees of R&A;
   c.　that Plaintiff refused R&A entry to make repairs;
   d.　that Plaintiff refused R&A entry to do inspections;
   e.　that Plaintiff threatened to change the locks;

1

    f.   that because of Plaintiff, R&A was unable to finish construction on the unit above the Apartment;

    g.   that Plaintiff failed to maintain garbage in a clean and sanitary manner;

    h.   that Plaintiff had moved a 100 pound Rottweiler into the Apartment;

    i.   that Plaintiff disturbed the neighbors;

    j.   that Plaintiff destroyed property;

    k.   that Plaintiff smoked on the premises;

    l.   that Plaintiff sent "repeated" text messages and phone calls to the landlord in a volume that amounted to "harass[ment]";

    m.   that Plaintiff is mentally abusive;

    n.   that Plaintiff is verbally abusive; and

    o.   that Plaintiff's residence in the Apartment is placing an undue hardship "on [Rachel] as a landlord."

3.     "the Apartment" has the same meaning as provided in ¶ 14 of the Complaint.

4.     "Asset" refers to any legal, equitable or beneficial interest that you have in property, wherever located and by whomever held, but does not include any property that is worth less than $5,000.00. By way of example only and not limitation, the term asset includes trust accounts of which you are a beneficiary and other financial accounts of any kind. (If the value of your *interest* in the property is less than $5,000.00, the property is nevertheless still considered an "Asset" if the value of the property itself is at least $5,000.00.)

5.     "the Complaint" refers to the complaint filed as Docket Entry 1 in this matter.

6.     "Document" or "Documents" refers to all physical or electronically stored information – including emails and text messages – stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

7.     "FHAA" refers to the Fair Housing Amendments Act of 1988.

8.     "FHAA-Related Communication" is a communication from Plaintiff that either provides information that is related to her rights under the FHAA or that seeks an accommodation under the FHAA. By way of example only, and without limiting the meaning of this definition, the term includes: any statement that asserts that Plaintiff suffers from any type of physical or mental impairment; any information that indicates that Plaintiff "has a record of such an impairment" (as that phrase is used in 24 C.F.R. § 100.201); any information related to how Ruby could assist or perform tasks for Plaintiff's benefit; and any request by Plaintiff for an accommodation to afford her an equal opportunity to use and enjoy the Apartment.

9.      A request to "Identify" or provide an "Identification" of a Document is a request to state as applicable: the date of the Document; the type of Document; the names of the persons who prepared the Document; the present location of the Document; the name and current business and home addresses of the present custodians of the original Document and any copies of it; a summary of the contents of the Document; and if the original Document was destroyed, the date and reason of the destruction or the circumstances under which it was destroyed.

10.     A request to "Identify" or for "the Identity" of a person is a request to state that person's full name, position, business address, business telephone number, date of termination of employment (if applicable), current work schedule, last known home address, and last known home telephone number.

11.     "The Lease" has the same meaning as provided in ¶ 14 of the Complaint.

12.     "Rachel" refers to Defendant Rachel Tarapchak.

13.     "R & A" refers to Defendant R & A, L.L.C.

14.     "Relevant Law" refers to the Fair Housing Amendments Act, the Landlord and Tenant Act of 1951 and the Fair Credit Extension Uniformity Act.

15.     "Ruby" refers to the dog identified in ¶ 26 of the Complaint.

## Interrogatories

Please answer under oath, in accordance with the Rules of Civil Procedure, the following interrogatories.

1.      Identify every person with factual information relevant to this case not otherwise identified in one of the following interrogatories.

2.      Identify by caption, court, civil action number, and result all litigation and administrative proceedings in which you were ever involved.

3.      Identify each person who, at any time in the last five years, has accused you of any form of discrimination or of any violation of any law and describe the allegations made by that person.

3

4.      Identify each FHAA-Related Communication.

5.      Identify the date, time, and the contents of each written (including text, email, or other electronic) communication you had with Plaintiff or with any other person regarding Plaintiff.

6.      For each oral communication between you and Plaintiff or any other person regarding Plaintiff, Identify the parties to the communication, Identify each other person that was present when the communication occurred, describe the contents of the communication and, state as narrowly as you can the date or time period during which the communication was made.

7.      To the extent that you, Plaintiff, or any other person made any other oral statement that may be relevant to this action, please Identify the person who made the statement, Identify any witness who may have heard the statement, describe the contents of the statement and, state as narrowly as you can the date or time period during which the statement was made.

8.      Indicate every audio and video recording ever made of any statement by Plaintiff and whether or not those recordings have been preserved, and the current location and/or disposition of those recordings.

9.      Please describe each Asset, the nature of your interest in the Asset, your best estimate of the Asset's value, and the basis for the valuation estimate.

10.      State in detail the facts upon which you rely for each affirmative defense listed in your Answer.

11.      If your response to the Requests for Admissions served simultaneously herewith is anything other than an unqualified admission, then please state as to each denial the specific facts forming the basis for such denial and Identify each witness and Document that supports the denial.

12.      For each company that provided you with cellular phone services of any kind from June 1, 2016 through the date this case was filed, please provide the name of the company, the cellular telephone phone number for which that company provided service, and your account number with that company.

<u>Defendant's Verification Regarding Answers Pursuant to Fed.R.Civ.P. 33(b)(5)</u>

Under penalty of perjury, I certify that the foregoing responses to interrogatories are true and correct.

Executed on: _____

              Date

 

                                        _____

                                        Signature

                                        _____

                                        Print Name

                                        _____

                                        Print Title

<u>Attorney's Statement Regarding Objections<br>Pursuant to Fed.R.Civ.P. 33(b)(5)</u>

Pursuant to Fed.R.Civ.P. 33(b)(5) I hereby sign the above objections.

                                        _____

                                        Scott E. Schermerhorn, Defendant's Counsel

## Request for Production of Statements

Pursuant to Rule 26 and 34 of the Federal Rules of Civil Procedure Plaintiff demands that copies of the following be made available within thirty (30) days:

*All statements made by parties and non-parties concerning the above action or its subject matter which are discoverable pursuant to the Rules of Civil Procedure.*

For purpose of this request, a "Statement" is (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

If you claim that any Statement is protected from disclosure on the basis of a privilege, you must identify on a privilege log each Statement and the individuals who were parties to the communications, providing sufficient detail to permit a judgment as to whether the Statement is at least potentially protected from disclosure.

This Request shall be deemed continuing so as to require further and supplemental production if additional Statements are obtained between the time of the initial production and the time of trial.

## Request for Admissions

Please admit the following:

1.      Before August 31, 2017 you were aware that Gabriella Angulo had applied for Supplemental Security Income benefits.

2.      Before August 31, 2017 you were aware that Gabriella Angulo was receiving Supplemental Security Income benefits.

3.      Before October 6, 2017, you knew that Plaintiff had asserted that she had a handicap that would warrant the use in the Apartment of a service animal.

4.      Before October 10, 2017, you had never disputed (orally or in writing) that Plaintiff had a handicap.

5.      Before October 10, 2017, you had never disputed (orally or in writing) that Ruby would help Plaintiff cope with a handicap.

6.   The document attached to the Complaint as Exhibit C is the first writing from, or on behalf of, any Defendant which challenged either (a) that Plaintiff had a handicap, or (b) that Ruby could help Plaintiff cope with a handicap.

7.   During the period beginning on October 11, 2017 at 7:12 P.M. and continuing through December 8, 2017, you have never challenged the sufficiency of any information provided by Plaintiff to establish that Plaintiff has a disability.

8.   During the period beginning on October 11, 2017 at 7:12 P.M. and continuing through December 8, 2017, you have never sought any additional information regarding: (a) Plaintiff's handicaps, (b) how Ruby assisted Plaintiff in ameliorating the effects of her handicaps, (c) whether Ruby qualified as an assistance animal, or (d) Plaintiff's need for Ruby as a reasonable accommodation.

9.   The December 13, 2017 Email provided the landlord with Plaintiff's new address.

10. The December 13, 2017 Email satisfied any condition that a tenant provide a landlord with her new address in writing, as set forth by 68 P.S. § 250.512(a).

11. Plaintiff is a "consumer" as that term is defined in 73 P.S. § 2270.3.

12. R & A is a "creditor" as that term is defined in 73 P.S. § 2270.3.

13. The unpaid rent referred to in ¶ 130 of the Complaint is a "debt" as that term is defined in 73 P.S. § 2270.3.

14. By failing to return the security deposit, R & A was collecting the debt that was owed by Plaintiff.

## Request for Production of Documents

Plaintiff requests that *Defendant* produce for inspection and copying within (30) days the documents described herein. If the native format of a document is electronic, then Plaintiff requests that the document be produced in an electronic format in a manner to be agreed upon between counsel for the parties.

This Request shall be deemed continuing so as to require further and supplemental production if *Defendant* obtains additional *Documents* required to be produced herein between the time of the initial production and the time of trial.

**If you claim that any Document is protected from disclosure on the basis of a privilege, you must identify on a privilege log each Document and the individuals who were parties to the communications, providing sufficient detail to permit a judgment as to whether the Document is at least potentially protected from disclosure.**

Please produce all of the following:

1.      Documents, electronically stored information, and tangible things identified in your disclosures pursuant to Fed.R.Civ.P. 26(a)(1).

2.      Documents or other evidentiary material upon which you based any damages identified in your disclosure pursuant to Fed.R.Civ.P. 26(a)(1)(A)(iii).

3.      Documents in your possession or which you have access to which contain any information relevant to any damages any party is claiming in connection with this case, including bills, receipts, canceled checks, invoices, charges, tax returns, calculations, and any other Document, without limitation, which pertains to any claimed damages of any party.

4.      Documents consulted in the course of preparing responses to this Combined Discovery Request.

5.      Documents identified in response to any interrogatory or request for admission.

6.      Documents that contain any information provided by Plaintiff at any time.

7.     Documents that mention the Plaintiff's name or that refer to Plaintiff or the Lease without specifically mentioning or stating her name.

8.     Documents not already requested which contain information which you believe is relevant to this case.

9.     Documents (including computer generated reports) which include Plaintiff's name, address, telephone number, account number, or any other information which is personally identifiable to Plaintiff.

10.    Documents that specifically refer to Plaintiff, the Lease, or this litigation.

11.    Documents received by you in response to a subpoena issued in this case.

12.    Tax returns, including amendments, for 2016 and 2017.

13.    Most recent statements of valuation for all Assets identified in response to interrogatory ¶ 9.

14.    The most recent statement as of May 1, 2018, for each debt that you owe which exceeds $5,000.00.

<u>Defendant's Verification Regarding Responses to</u>
<u>Request for Production of Documents Pursuant to Fed.R.Civ.P. 34</u>

Under penalty of perjury, I confirm that I have completed my reasonable efforts to locate

documents responsive to this discovery request and that all responsive documents which were

located have been produced.

Executed on: _____            _____
                    Date                          Signature

<u>Attorney's Statement Regarding Objections</u>
<u>Pursuant to Fed.R.Civ.P. 34</u>

Pursuant to Fed.R.Civ.P. 34 I hereby sign the above objections.

                              _____
                              Scott E. Schermerhorn, Defendant's Counsel

8

Privilege Log

| Description of the *Document* (such as "letter," "memorandum," or "report"). | Date the *Document* was created or annotated. | Date of the *Document* if it is different from the date given in the previous column. | Identity of the *Document's* preparer or the person who annotated it. | Identity of the person to whom the *Document* was sent or for whom the *Document* was created. | Purpose of making annotations or of creating the *Document*. | Number of pages included in the *Document* | Bases for withholding discovery. |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Gabriella Angulo, | Docket 3:18-cv-00736-RPC |
|               Plaintiff | |
| v. | (JUDGE RICHARD P. CONABOY) |
| Rachel Tarapchak, | |
| Alex Tarapchak, and | |
| R & A, L.L.C. | |
|               Defendant | FILED ELECTRONICALLY |

### PLAINTIFF'S FIRST COMBINED DISCOVERY REQUEST DIRECTED TO DEFENDANT RACHEL TARAPCHAK

**Signature Applicable to Entire Combined Request**

Carlo Sabatini, PA 83831
Attorney for Plaintiff
SABATINI FREEMAN, LLC
216 N. Blakely St.
Dunmore, PA  18512
(570) 341-9000
carlo@sabatinilawfirm.com

### Definitions

When capitalized, these words and terms have the following meaning:

1.      "Alex" refers to Defendant Alex Tarapchak.

2.      "Alleged Lease Violation" refers to any allegation that has ever been made that Plaintiff has ever violated the Lease, including, without limitation, all of the following allegations that were made by Rachel in the letter attached to the Complaint as Exhibit H:

    a.  that Plaintiff interfered with contractors;
    b.  that Plaintiff interfered with employees of R&A;
    c.  that Plaintiff refused R&A entry to make repairs;
    d.  that Plaintiff refused R&A entry to do inspections;
    e.  that Plaintiff threatened to change the locks;

1

    f.   that because of Plaintiff, R&A was unable to finish construction on the unit above the Apartment;

    g.   that Plaintiff failed to maintain garbage in a clean and sanitary manner;

    h.   that Plaintiff had moved a 100 pound Rottweiler into the Apartment;

    i.   that Plaintiff disturbed the neighbors;

    j.   that Plaintiff destroyed property;

    k.   that Plaintiff smoked on the premises;

    l.   that Plaintiff sent "repeated" text messages and phone calls to the landlord in a volume that amounted to "harass[ment]";

    m.   that Plaintiff is mentally abusive;

    n.   that Plaintiff is verbally abusive; and

    o.   that Plaintiff's residence in the Apartment is placing an undue hardship "on [Rachel] as a landlord."

3.     "the Apartment" has the same meaning as provided in ¶ 14 of the Complaint.

4.     "Asset" refers to any legal, equitable or beneficial interest that you have in property, wherever located and by whomever held, but does not include any property that is worth less than $5,000.00. By way of example only and not limitation, the term asset includes trust accounts of which you are a beneficiary and other financial accounts of any kind. (If the value of your *interest* in the property is less than $5,000.00, the property is nevertheless still considered an "Asset" if the value of the property itself is at least $5,000.00.)

5.     "the Complaint" refers to the complaint filed as Docket Entry 1 in this matter.

6.     "Document" or "Documents" refers to all physical or electronically stored information – including emails and text messages – stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

7.     "FHAA" refers to the Fair Housing Amendments Act of 1988.

8.     "FHAA-Related Communication" is a communication from Plaintiff that either provides information that is related to her rights under the FHAA or that seeks an accommodation under the FHAA. By way of example only, and without limiting the meaning of this definition, the term includes: any statement that asserts that Plaintiff suffers from any type of physical or mental impairment; any information that indicates that Plaintiff "has a record of such an impairment" (as that phrase is used in 24 C.F.R. § 100.201); any information related to how Ruby could assist or perform tasks for Plaintiff's benefit; and any request by Plaintiff for an accommodation to afford her an equal opportunity to use and enjoy the Apartment.

2

9.     A request to "Identify" or provide an "Identification" of a Document is a request to state as applicable: the date of the Document; the type of Document; the names of the persons who prepared the Document; the present location of the Document; the name and current business and home addresses of the present custodians of the original Document and any copies of it; a summary of the contents of the Document; and if the original Document was destroyed, the date and reason of the destruction or the circumstances under which it was destroyed.

10.     A request to "Identify" or for "the Identity" of a person is a request to state that person's full name, position, business address, business telephone number, date of termination of employment (if applicable), current work schedule, last known home address, and last known home telephone number.

11.     "The Lease" has the same meaning as provided in ¶ 14 of the Complaint.

12.     "Rachel" refers to Defendant Rachel Tarapchak.

13.     "R & A" refers to Defendant R & A, L.L.C.

14.     "Relevant Law" refers to the Fair Housing Amendments Act, the Landlord and Tenant Act of 1951 and the Fair Credit Extension Uniformity Act.

15.     "Ruby" refers to the dog identified in ¶ 26 of the Complaint.

## Interrogatories

Please answer under oath, in accordance with the Rules of Civil Procedure, the following interrogatories.

1.     Identify every person with factual information relevant to this case not otherwise identified in one of the following interrogatories.

2.     Identify by caption, court, civil action number, and result all litigation and administrative proceedings in which you were ever involved.

3.     Identify each person who, at any time in the last five years, has accused you of any form of discrimination or of any violation of any law and describe the allegations made by that person.

3

4.     Identify each FHAA-Related Communication.

5.     Identify the date, time, and the contents of each written (including text, email, or other electronic) communication you had with Plaintiff or with any other person regarding Plaintiff.

6.     For each oral communication between you and Plaintiff or any other person regarding Plaintiff, Identify the parties to the communication, Identify each other person that was present when the communication occurred, describe the contents of the communication and, state as narrowly as you can the date or time period during which the communication was made.

7.     To the extent that you, Plaintiff, or any other person made any other oral statement that may be relevant to this action, please Identify the person who made the statement, Identify any witness who may have heard the statement, describe the contents of the statement and, state as narrowly as you can the date or time period during which the statement was made.

8.     Indicate every audio and video recording ever made of any statement by Plaintiff and whether or not those recordings have been preserved, and the current location and/or disposition of those recordings.

9.     Please describe each Asset, the nature of your interest in the Asset, your best estimate of the Asset's value, and the basis for the valuation estimate.

10.    State in detail the facts upon which you rely for each affirmative defense listed in your Answer.

11.    If your response to the Requests for Admissions served simultaneously herewith is anything other than an unqualified admission, then please state as to each denial the specific facts forming the basis for such denial and Identify each witness and Document that supports the denial.

12.    For each company that provided you with cellular phone services of any kind from June 1, 2016 through the date this case was filed, please provide the name of the company, the cellular telephone phone number for which that company provided service, and your account number with that company.

<u>Defendant's Verification Regarding Answers Pursuant to Fed.R.Civ.P. 33(b)(5)</u>

Under penalty of perjury, I certify that the foregoing responses to interrogatories are true and correct.

Executed on: _____          _____
               Date                                            Signature

                                            _____
                                            Print Name

                                            _____
                                            Print Title

<u>Attorney's Statement Regarding Objections</u>
<u>Pursuant to Fed.R.Civ.P. 33(b)(5)</u>

Pursuant to Fed.R.Civ.P. 33(b)(5) I hereby sign the above objections.

                                          _____
                                      Scott E. Schermerhorn, Defendant's Counsel

**Request for Production of Statements**

Pursuant to Rule 26 and 34 of the Federal Rules of Civil Procedure Plaintiff demands that copies of the following be made available within thirty (30) days:

***All statements made by parties and non-parties concerning the above action or its subject matter which are discoverable pursuant to the Rules of Civil Procedure.***

For purpose of this request, a "Statement" is (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

If you claim that any Statement is protected from disclosure on the basis of a privilege, you must identify on a privilege log each Statement and the individuals who were parties to the communications, providing sufficient detail to permit a judgment as to whether the Statement is at least potentially protected from disclosure.

This Request shall be deemed continuing so as to require further and supplemental production if additional Statements are obtained between the time of the initial production and the time of trial.

## Request for Admissions

Please admit the following:

1.      Before August 31, 2017 you were aware that Gabriella Angulo had applied for Supplemental Security Income benefits.

2.      Before August 31, 2017 you were aware that Gabriella Angulo was receiving Supplemental Security Income benefits.

3.      Before October 6, 2017, you knew that Plaintiff had asserted that she had a handicap that would warrant the use in the Apartment of a service animal.

4.      Before October 10, 2017, you had never disputed (orally or in writing) that Plaintiff had a handicap.

5.      Before October 10, 2017, you had never disputed (orally or in writing) that Ruby would help Plaintiff cope with a handicap.

6.   The document attached to the Complaint as Exhibit C is the first writing from, or on behalf of, any Defendant which challenged either (a) that Plaintiff had a handicap, or (b) that Ruby could help Plaintiff cope with a handicap.

7.   During the period beginning on October 11, 2017 at 7:12 P.M. and continuing through December 8, 2017, you have never challenged the sufficiency of any information provided by Plaintiff to establish that Plaintiff has a disability.

8.   During the period beginning on October 11, 2017 at 7:12 P.M. and continuing through December 8, 2017, you have never sought any additional information regarding: (a) Plaintiff's handicaps, (b) how Ruby assisted Plaintiff in ameliorating the effects of her handicaps, (c) whether Ruby qualified as an assistance animal, or (d) Plaintiff's need for Ruby as a reasonable accommodation.

9.   The December 13, 2017 Email provided the landlord with Plaintiff's new address.

10.  The December 13, 2017 Email satisfied any condition that a tenant provide a landlord with her new address in writing, as set forth by 68 P.S. § 250.512(a).

11.  Plaintiff is a "consumer" as that term is defined in 73 P.S. § 2270.3.

6

12. R & A is a "creditor" as that term is defined in 73 P.S. § 2270.3.

13. The unpaid rent referred to in ¶ 130 of the Complaint is a "debt" as that term is defined in 73 P.S. § 2270.3.

14. By failing to return the security deposit, R & A was collecting the debt that was owed by Plaintiff.

15. The document attached to the Complaint as Exhibit F is an email that was sent to Lori Jasinski and Rachel on the date and at the time indicated in the email.

## Request for Production of Documents

Plaintiff requests that *Defendant* produce for inspection and copying within (30) days the documents described herein. If the native format of a document is electronic, then Plaintiff requests that the document be produced in an electronic format in a manner to be agreed upon between counsel for the parties.

This Request shall be deemed continuing so as to require further and supplemental production if *Defendant* obtains additional *Documents* required to be produced herein between the time of the initial production and the time of trial.

**If you claim that any Document is protected from disclosure on the basis of a privilege, you must identify on a privilege log each Document and the individuals who were parties to the communications, providing sufficient detail to permit a judgment as to whether the Document is at least potentially protected from disclosure.**

Please produce all of the following:

1.     Documents, electronically stored information, and tangible things identified in your disclosures pursuant to Fed.R.Civ.P. 26(a)(1).

2.     Documents or other evidentiary material upon which you based any damages identified in your disclosure pursuant to Fed.R.Civ.P. 26(a)(1)(A)(iii).

3.     Documents in your possession or which you have access to which contain any information relevant to any damages any party is claiming in connection with this case, including bills, receipts, canceled checks, invoices, charges, tax returns, calculations, and any other Document, without limitation, which pertains to any claimed damages of any party.

4.     Documents consulted in the course of preparing responses to this Combined Discovery Request.

5.     Documents identified in response to any interrogatory or request for admission.

6.      Documents that contain any information provided by Plaintiff at any time.

7.      Documents that mention the Plaintiff's name or that refer to Plaintiff or the Lease without specifically mentioning or stating her name.

8.      Documents not already requested which contain information which you believe is relevant to this case.

9.      Documents (including computer generated reports) which include Plaintiff's name, address, telephone number, account number, or any other information which is personally identifiable to Plaintiff.

10.     Documents that specifically refer to Plaintiff, the Lease, or this litigation.

11.     Documents received by you in response to a subpoena issued in this case.

12.     Tax returns, including amendments, for 2016 and 2017.

13.     Most recent statements of valuation for all Assets identified in response to interrogatory ¶ 9.

14.     The most recent statement as of May 1, 2018, for each debt that you owe which exceeds $5,000.00.


<u>Defendant's Verification Regarding Responses to</u>
<u>Request for Production of Documents Pursuant to Fed.R.Civ.P. 34</u>

Under penalty of perjury, I confirm that I have completed my reasonable efforts to locate

documents responsive to this discovery request and that all responsive documents which were

located have been produced.


Executed on: _____          _____
                    Date                            Signature

<u>Attorney's Statement Regarding Objections</u>
<u>Pursuant to Fed.R.Civ.P. 34</u>

Pursuant to Fed.R.Civ.P. 34 I hereby sign the above objections.


                              _____
                              Scott E. Schermerhorn, Defendant's Counsel

8

Privilege Log

| Description of the *Document* (such as "letter," "memorandum," or "report"). | Date the *Document* was created or annotated. | Date of the *Document* if it is different from the date given in the previous column. | Identity of the *Document's* preparer or the person who annotated it. | Identity of the person to whom the *Document* was sent or for whom the *Document* was created. | Purpose of making annotations or of creating the *Document*. | Number of pages included in the *Document* | Bases for withholding discovery. |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |