# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Gabriella Angulo,<br>　　　　　Plaintiff<br><br>v.<br><br>Rachel Tarapchak,<br>Alex Tarapchak, and<br>R & A, LLC<br>　　　　　Defendant | Docket 3:18-cv-00736-RPC<br><br>(JUDGE RICHARD P. CONABOY)<br><br><br><br><br>FILED ELECTRONICALLY |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY

### INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff filed a complaint alleging that Defendants violated the Fair Housing Amendments Act, the Landlord and Tenant Act of 1951, and the Fair Credit Extension Uniformity Act. The Fair Housing Amendments Act claims permit an award of punitive damages. Plaintiff served written discovery requests, to which Defendants responded. However, Defendants refused to provide any net-worth information, which Plaintiff needs with respect to her request for punitive damages. The parties were unable to resolve this discovery dispute, and Plaintiff filed the instant motion to compel. Plaintiff now files this supporting brief.

ARGUMENT

As set forth in the underlying motion, each Defendant has refused to provide Plaintiff with net-worth information. Specifically, the following four discovery requests—which were directed to each Defendant—remain at issue:

- Interrogatory 9: Please describe each Asset, the nature of your interest in the Asset, your best estimate of the Asset's value, and the basis for the valuation estimate.

- Request for Production 12: Tax returns, including amendments, for 2016 and 2017.

- Request for Production 13: Most recent statements of valuation for all Assets identified in response to interrogatory ¶ 9.

- Request for Production 14: The most recent statement as of May 1, 2018, for each debt that you owe which exceeds $5,000.00.

(Doc. 12-1.) Plaintiff requested this information because she has advanced two claims that could permit a punitive damage recovery. A defendant's net worth is a factor to be considered when determining an appropriate amount of punitive damages. *See Dunn v. HOVIC*, 1 F.3d 1371, 1384 (3d Cir.), *modified,* 13 F.3d 58 (3d Cir. 1993)("The ability to pay . . . is a relevant factor in assessing punitive damages awards . . . ."); *McCann v. Miller*, 502 F. App'x 163, 171 (3d Cir. 2012)("a

defendant's net worth is relevant in assessing the amount of punitive damages . . . .").

Nevertheless, Defendants asserted the following objections to each request:

> Objection. Defendant objects to this request to the extent that it is information that is not important to the present action; it is not relevant to the subject matter of this action; and not reasonably calculated to lead to discovery of admissible evidence.

(Doc. 12-2.) These objections do not comply with the federal rules of civil procedure, and must be overruled.

Federal Rule of Civil Procedure 26(b)(1) provides the following statement regarding scope for discovery:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Additionally, "the party resisting discovery must show specifically how . . . each interrogatory is not relevant or how each question is overly

broad, burdensome or oppressive." *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982)(internal quotation marks and citation omitted, ellipses in original). Thus,

> [A] party seeking to resist discovery . . . bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation mandated by Federal Rule of Civil Procedure 26(b) by coming forward with specific information to address—insofar as that information is available to it—the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 2017 WL 896897, at *11 (N.D. Tex. Mar. 7, 2017). Here, Defendants have not satisfied their burden. They have not provided any explanation as to why they believe the information is not important to the case. Nor have they demonstrated that the information is not relevant to the present matter, or that it will not lead to the discovery of admissible evidence.

Rather, caselaw is clear that a party seeking to recover punitive damages can obtain information related to net worth. *See, e.g., Grosek v. Panther Transp., Inc.*, 251 F.R.D. 162, 164–66 (M.D. Pa. 2008)(Munley,

J.)("This court has found that plaintiffs have stated a claim for punitive damages, and discovery related to that issue is appropriate. In addition, the court finds that delaying discovery on these matters until after the discovery of evidence supporting punitive damages would be inefficient and delay conclusion of the case."); *N'Jai v. Bentz*, No. CV 13-1212, 2015 WL 13642468, at *1 (W.D. Pa. Apr. 28, 2015)(following *Gosek* and holding that "Plaintiff's Motion is granted insofar as the Court rules that Defendants' financial information is discoverable, given the punitive damages claim."); *Caruso v. Coleman Co.*, 157 F.R.D. 344, 348 (E.D. Pa. 1994)("when punitive damages are alleged, the weight of authority requires that a defendant disclose his financial condition in pretrial discovery *without* requiring a prima facie showing of punitive damages to justify the discovery."); *E.J. Lavino & Co. v. Universal Health Servs., Inc.*, 1991 WL 275767 (E.D. Pa. Dec. 20, 1991)(collecting cases); *cf. Yanoski v. Silgan White Cap Americas, LLC*, 2016 WL 3406426, at *2 (M.D. Pa. June 21, 2016)(Caputo, J.)(refusing to reopen discovery to allow the plaintiff to obtain financial information that could have been obtained earlier)(citing *Gosek*). Thus, there should be no

doubt that the information Plaintiff seeks to discover is both relevant and likely to lead to the discovery of admissible evidence.

Additionally, the information Plaintiff is seeking is important. As discussed above, net worth is a relevant consideration when determining the amount of any punitive damage award. Two of Plaintiff's claims allow for the award of punitive damages. Thus, this information will be important in determining whether punitive damages should be awarded—as well as the amount of such an award.

Defendants' resistance to providing the requested information does not comply with the applicable rules and is contrary to caselaw. The Court should overrule Defendants' objections, and require Defendants to provide substantive responses within fourteen days.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her Motion to Compel, and overrule Defendants' objections.

*s/ Brett M. Freeman*
Brett M. Freeman
Bar Number PA308834
Attorney for Plaintiff
SABATINI FREEMAN, LLC
216 N. Blakely St.

```
```

Dunmore, PA 18512
Phone (570) 341-9000
Facsimile (570) 504-2769
Email bfecf@sabatinilawfirm.com

## **CERTIFICATE OF SERVICE**

Service is being effectuated via the CM/ECF system.

*s/ Brett M. Freeman*
Brett M. Freeman