| | |
|---|---|
| **SCOTT E. SCHERMERHORN, ESQUIRE**<br>I.D. No. PA 60177<br>The Ritz Building<br>222 Wyoming Avenue<br>Scranton, PA 18503<br>(570) 348-1020<br>(570) 348-2130 fax | Attorney for Defendants,<br>R & A, LLC, and Alex and<br>Rachel Tarapchak |

| | | |
|---|---|---|
| **GABRIELLA ANGULO** | : | IN THE UNITED STATES DISTRICT |
| | : | COURT FOR THE MIDDLE DISTRICT |
| Plaintiff | : | OF PENNSYLVANIA |
| v. | : | |
| | : | CIVIL ACTION - LAW |
| | : | |
| **RACHEL TARAPCHAK, ALEX** | : | **JURY TRIAL DEMANDED** |
| **TARAPCHAK, and R & A, LLC** | : | |
| | : | |
| Defendant | : | NO.: 3: 2018-cv-736 |

### DEFENDANTS' BRIEF IN OPPOSITION TO
### PLAINTIFF'S MOTION TO COMPEL

AND NOW, comes the Defendants, R & A, LLC, Rachel Tarapchak and Alex Tarapchak, by and through their attorney, Scott E. Schermerhorn, Esq., and files the within Brief in Opposition to Plaintiff's Motion to Compel *(Doc. 12, 14)*.

**I.      Background**

On April 5, 2018, the Plaintiff, Gabriella Angulo, filed a complaint against the Defendants, R & A, LLC, and Alex and Rachel Tarapchak, alleging violations of the (1) Fair Housing Amendment Act, (2) Landlord and Tenant Act of 1951, and (3) Fair Credit Extension Uniformity Act.   Plaintiff served discovery requests, and requested net worth information from all named Defendants.  Defendant, R & A, LLC, at all times material to the Plaintiff's allegations set forth in her complaint, was the Landlord.   Plaintiff rented an apartment from R & A, LLC.  Defendants, Rachel and Alex Tarapchak are the owners of R & A, LLC, a limited liability company.  Defendants timely objected to the requests on the basis that it is information that is not important to the present

action; it is not relevant to the subject matter of this action; and not reasonably calculated to lead to discovery of admissible evidence. The Defendants also raised this issue in the Joint Case Management Plan and at the Joint Case Management Conference.

II.  **Issue**

    A.  **Whether the Plaintiff is entitled to the Defendants' net worth information in discovery, and prior to this Court finding that she has demonstrated a claim for punitive damages?**

    Suggested Answer:   Negative.

III.  **Argument**

Plaintiff alleges in her lengthy complaint that she obtained a service dog named Ruby while a tenant of the Defendant, R & A, LLC. During the course of several days in October of 2017, the Plaintiff alleged that the Defendants asked for information related to her service dog, and filed an eviction notice that was withdrawn shortly thereafter. The Plaintiff moved out, but alleged she was locked out of her apartment. The Defendants in their answer allege that the Plaintiff vacated the apartment (including the removal of all her property) and left the apartment unsecured by failing to lock any doors; and that she also turned off the heat to the apartment despite freezing temperatures and opened the windows to the apartment; and further called the utility company to shut off the water knowing that the heating system operated on steam generated by water which would have caused the furnace to stop and the water pipes to freeze. And at all times, the Plaintiff continued to maintain her key to the apartment, despite vacating the same and attempting to cause damage. (¶106, Plaintiff's Answer to Complaint)

The Fair Housing Act (FHA) provides for the recovery of punitive damages by victims of discriminatory housing practices. Prior to the 1988 Amendments, the punitive damages were limited to $1,000. The 1988 Amendments removed the cap in private civil suits. However, the Act does

not articulate what the standards are for awarding punitive damages. In *Smith v. Wade,*, 461 U.S. 30 (1983) the Supreme Court held in an action under 42 U.S.C. §1983 that punitive damages could be awarded upon a finding of reckless or callous disregard of or indifference to the plaintiff's rights. In *Kolstad v. American Dental Ass'n*, 119 S.Ct. 2118 (1999), the Supreme Court held in an employment discrimination suit under Title VII that the standard is whether the defendant acted with knowledge that the action violated the law or with reckless indifference to the plaintiff's rights. This standard has been applied to the Fair Housing Act. *See Badami v. Terry Flood*, 214 F.3d 994 (8th Cir. 2000).

The Plaintiff does not have the right to request discovery related to net worth on the issue of punitive damages at this time for several reasons.

First, the law does not permit such information until a threshold is met. Plaintiff must first demonstrate "a well-founded possibility that a defendant may be subject to punitive damages as a matter of law" in order to begin the discovery process of defendant's financial information. *Tallon v. J.E. Brenneman Co.*, No. 85-0053, 1986 U.S. Dist. LEXIS 27062 (E.D. Pa. Apr. 8, 1986). See also *Grabowski in Interest of Second Pine, Inc. v. Levin*, 1990 U.S. Dist. LEXIS 16713, 1990 WL 201320, at *2 (E.D. Pa. Dec. 6, 1990). Further, Defendant's financial information is only discoverable if the court has already determined that Plaintiff is entitled to punitive damages. *Chenowith v. Schaaf*, 98 F.R.D. 587 (W.D. Pa. 1983). Additionally, under Pennsylvania law, discovery of financial information to determine net worth is only permitted if the plaintiff makes a successful prima facie showing of the defendant's liability for punitive damages. See *Vivino v. Everlast Sporting Goods Mfg. Co.*, No 87-1161 (E.D. Pa. Sept. 25, 1987). Accordingly, the Plaintiff's request for net worth information is premature until such time as the Court determines that the Plaintiff is has made a showing of entitlement to punitive damages.

Second, the Plaintiff cannot prove a prima facie case. The Plaintiff's request for an accommodation, was never denied, and therefore, there can be no discrimination under 42 U.S.C. §3604(f)(3)(B) as a matter of law. Therefore, requiring the Defendants to produce their net worth information prior to summary judgment wherein the Court may assess the likelihood of the Plaintiff's claims on the evidence presented, versus a bald allegation in a complaint, would be unduly burdensome and extremely intrusive to the Defendants to produce net worth information.

Third, the Plaintiff's case is without merit, if not frivolous. As set forth in the Defendant's answer and affirmative defenses, the Defendants did not discriminate against the Plaintiff. The Plaintiff obtained a dog, referred to it as service dog, provided the Defendant with illegible documents, and decided to move out of the apartment voluntarily. At no time did the Defendant deny the Plaintiff's request for a reasonable accommodation. **The Plaintiff does not allege anywhere in her complaint that the Defendant denied her request for a reasonable accommodation - an element of the cause of action.** Instead, the Plaintiff alleges that an eviction notice was filed but then admits in the complaint that the eviction notice was withdrawn. For these reasons, it would be unduly burdensome and extremely intrusive for the Defendants to produce net worth information on the issue of punitive damages as it is expected that the Plaintiff's claims will be dismissed at the summary judgment stage.

Fourth, this issue was specifically raised by the parties at the Joint Case Management Conference and is set forth in detail in ¶4.3 of the Plan *(Doc. 9)*. The Defendants stated that they will move for summary judgment and wished to refrain from producing net worth information until such time as it is clear that the issue of punitive damages would be tried. Accordingly, the Defendants were up-front and very clear about their position. The Defendants are requesting that they not produce net worth information until such time as this Honorable Court believes that the

Plaintiff has demonstrated a right to punitive damages. Even if the Plaintiff were to survive summary judgment, it is highly probable that the individually named Defendants, Alex and Rachel Tarapchak, would be dismissed from the action as they had no relationship with the Plaintiff other than communicating with her as principals of the Defendant, R & A, LLC. Based upon this alone, it would be unduly burdensome and extremely intrusive for them to produce net worth information.

**IV.    Conclusion**

For the foregoing reasons, the Defendants respectfully request that the Plaintiff's motion to compel be denied.

/s/ *Scott E. Schermerhorn*

_____
Scott E. Schermerhorn, Esq.
Attorney for Defendants
The Ritz Building
222 Wyoming Avenue
Scranton, PA 18503
(570) 348-1020
Email: lawyer527@aol.com

| | | |
|---|---|---|
| **SCOTT E. SCHERMERHORN, ESQUIRE** | | Attorney for Defendants, |
| I.D. No. PA 60177 | | R & A, LLC, and Alex and |
| The Ritz Building | | Rachel Tarapchak |
| 222 Wyoming Avenue | | |
| Scranton, PA 18503 | | |
| (570) 348-1020 | | |
| (570) 348-2130 fax | | |

| | | |
|---|---|---|
| **GABRIELLA ANGULO** | : | IN THE UNITED STATES DISTRICT |
| | : | COURT FOR THE MIDDLE DISTRICT |
| Plaintiff | : | OF PENNSYLVANIA |
| v. | : | |
| | : | CIVIL ACTION - LAW |
| | : | |
| **RACHEL TARAPCHAK, ALEX** | : | **JURY TRIAL DEMANDED** |
| **TARAPCHAK, and R & A, LLC** | : | |
| | : | |
| Defendant | : | NO.: 3: 2018-cv-736 |

### CERTIFICATE OF SERVICE

I, Scott E. Schermerhorn, Esquire, hereby certify that on the 13th day of July, 2018, I filed the Defendants' Brief in Opposition to Plaintiff's Motion to Compel. I hereby certify my understanding that the following counsel have consented to service through the receipt of electronic notification from the Court of this filing:

carlo@bankruptcypa.com

Carlo Sabatini, Esq.
Sabatini Freeman, LLC
216 N. Blakely Street
Dunmore, PA 18512

This Certificate of Service and the said filing are intended to be available for viewing and downloading from the ECF system of the United States District Court for the Middle District of Pennsylvania.

*Scott E. Schermerhorn*

Date: 07/13/18

Scott E. Schermerhorn, Esquire
Attorney for Defendants

Discovery - Brief Opposition Motion Compel.wpd