```
                  UNITED STATES DISTRICT COURT
               FOR THE MIDDLE DISTRICT OF PENNSYVLANIA
```

GABRIELLA ANGULO,                  :
                                   :CIVIL ACTION NO. 3:18-CV-736
         Plaintiff,                :
                                   :(JUDGE CONABOY)
         v.                        :
                                   :
RACHEL TARAPCHAK,                  :
ALEX TARAPCHAK, and                :
R&A, L.C.C.,                       :
                                   :
         Defendants.               :
                                   :
_____

## **MEMORANDUM**

Here the Court considers Plaintiff's Motion to Compel which requests the Court to overrule Defendants' objections to discovery related to financial information. (Doc. 12.) In her supporting brief, Plaintiff maintains she is entitled to the information because she has advanced two claims that could permit a punitive damage recovery, the requested information is relevant to punitive damages, and Defendants have not satisfied their burden of showing why the information should not be provided. (Doc. 14 at 2-4.) Defendants contend that "Plaintiff's request for net worth information is premature until such time as the Court determines that the Plaintiff . . . has made a showing of entitlement to punitive damages." (Doc. 15 at 3.) For the reasons discussed below, the Court concludes Plaintiff's Motion to Compel (Doc. 12) is properly granted.

## **I. Background**

On April 5, 2018, Plaintiff filed a four-count Complaint which

includes two counts alleging violations of the Fair Housing Amendments Act, 42 U.S.C. §§ 3604, 3617. (Doc. 1 at 3, 21.) Plaintiff seeks an award of punitive damages in conjunction with both claims. (*Id.* 1 at 19, 23.) Plaintiff alleges she

> was renting an apartment from one of the defendants. Because she suffers from several physical and psychological handicaps, she advised the landlord that she needed to use a service animal on the premises. The defendants discriminated against her by refusing to make a reasonable accommodation. Two of the defendants unlawfully demanded that she pay increased amounts for the deposit and rent. Those defendants also threatened to charge her an illegal fine if the animal was found on the premises before the deposit was paid. The third defendant filed an eviction action against Plaintiff and demanded payment of the illegal fine.

(Doc. 1 ¶ 2.) Plaintiff no longer resides at the apartment. (*Id.* ¶ 3.) The parties dispute whether Plaintiff vacated the premises or was locked out. (*Id.* ¶ 106; Doc. 6 ¶ 106.)

## **II. Discussion**

As noted above, Plaintiff has sought discovery of net worth information and Defendants have objected to the requests. (Doc. 14 at 2-3.) Plaintiff asserts she is entitled to the information because it is relevant to her claims for punitive damages (Doc. 14 at 4-6); Defendants respond that Plaintiff must first demonstrate to the Court an entitlement to punitive damages (Doc. 15 at 3). Defendants also state that Plaintiff cannot prove a prima facie case of discrimination under 42 U.S.C. § 3604(f)(3)(B), her case is

2

without merit or frivolous, and they indicated at the Case Management Conference that they wanted to refrain from producing net worth information until "such time as it is clear that the issue of punitive damages would be tried." (Doc. 15 at 4.)

District Courts have broad discretion to manage discovery. *Sempier v. Johnson*, 45 F.3d 724, 734 (3d Cir. 1995). In general, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Courts have construed this language liberally "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. V. Sanders*, 437 U.S. 340, 351 (1978). Ordinarily a party moving to compel discovery bears the initial burden of showing the relevance of the requested information. *See, e.g., Morrison v. Philadelphia Housing Authority*, 203 F.R.D. 195, 196 (E.D. Pa. 2001)(citations omitted). The party objecting to the requested discovery must state the grounds for the objection "with specificity." Fed. R. Civ. P. 33(b)(4). General objections stating that the interrogatory is overly broad, burdensome, oppressive, vague or irrelevant are not sufficient--the objecting party must specifically show how the interrogatory is

3

objectionable. *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982)(citation omitted); Fed. R. Civ. P. 33(b)(4). Once the party objecting to discovery has adequately articulated its objection, the party seeking discovery must show that the information sought is within the allowable scope. *Momah v. Albert Einstein Medical Center*, 164 F.R.D. 412, 417 (E.D. Pa. 1996). The party opposing discovery must then convince the court why discovery should not be had. *Id.* (citation omitted). The standards applicable to responses to interrogatories have also been held to govern requests for production of documents. *General Refractories*, 1999 WL 286475, at *2 (citation omitted).

Here Plaintiff posed an interrogatory regarding Defendants' assets and requested production of financial documents including 2016 and 2017 tax returns as well as asset and debt statements. (*See* Doc. 14 at 2 (citing Doc. 12-1); *see*, *e.g.*, Doc. 12-1 at 5, 9.) Defendants responded as follows: "Defendant objects to this request to the extent that it is information that is not important to the present action; it is not relevant to the subject matter of this action; and not reasonably calculated to lead to discovery of admissible evidence." (*See* Doc. 14 at 3 (citing Doc. 12-2); *see*, *e.g.*, Doc. 12-2 at 3, 8.)

With these initial responses, Defendants did not state their objections with the required specificity*, see Joseph*, 677 F.2d at 992. However, in response to Plaintiff's motion and supporting

4

brief (Docs. 12, 14), Defendants articulate specific objections to Plaintiff's requests (Doc. 15 at 3-5). With her reply brief, Plaintiff points to the reasons Defendant has failed to show that the requested discovery should not be allowed. (Doc. 16.)

In support of her argument that she is entitled to receive the information requested at this stage of the proceedings, Plaintiff relies upon several district court cases within the Third Circuit, including *Grosek v. Panther Transp., Inc.*, 251 F.R.D. 162, 164-66 (M.D. Pa. 2008), and *Caruso v. Coleman*, 157 F.R.D. 344, 348 (E.D. Pa. 1994). (Doc. 14 at 4-5.) In *Grosek*, District Judge James Munley stated that the "court had found that plaintiffs have stated a claim for punitive damages, and discovery related to that issue is appropriate. In addition, the court finds that delaying discovery on these matters until after the discovery of evidence supporting punitive damages would be inefficient and delay conclusion of the case." 251 F.R.D. at 166. *Caruso* explained that "the weight of authority requires that a defendant disclose his financial condition in pretrial discovery *without* requiring a prima facie showing of punitive damages to justify discovery." 157 F.R.D. at 348 (listing cases).

In their responsive brief, Defendants cite several cases which they say stand for the proposition that Plaintiff's request is premature because the law does not permit discovery of the requested financial information until a threshold showing is met.

5

(Doc. 15 at 3 (citing *Grabowski in Interest of Second Pine, Inc. v. Levin*, Civ. A. No. 89-7825, 1990 WL 201320, at *2 (E.D. Pa. Apr. 8, 1986); *Vivino v. Everlast Sporting Goods Mfg. Co.*, Civ. A. No. 87-1161, 1987 WL 17571 (E.D. Pa. Sept. 28, 1987); *Tallon v. J.E. Brenneman Co.*, Civ. A. No. 85-0053, 1986 WL 4327 (E.D. Pa. Apr. 8, 1986); *Chenowith v. Schaff*, 98 F.R.D. 587 (W.D. Pa. 1983)).)

Plaintiff replies that Defendants did not distinguish the cases relied upon by Plaintiff, none of the cases cited by Defendants were decided within the last twenty-five years, and two of them actually support Plaintiff's position. (Doc. 16 at 1.)

The Court concludes Plaintiff accurately portrays Defendants' response regarding the propriety of discovery of the requested financial information. The Court further concludes that, putting aside Defendants' cursory response on the issue, the weight of authority of more recent origin supports the position that discovery of financial information is allowed before a court makes a finding regarding the award of punitive damages. *See Grosek*, 251 F.R.D. at 164-66; *see also Caruso,* 157 F.R.D. at 348. This conclusion is bolstered by the fact that Defendants' reliance on some cases cited is misplaced. For example, *Vivino* disagreed with the defendant and concluded the plaintiffs were entitled to information related to the defendant's financial status without any specific requirement that the plaintiffs make a prima facie showing of entitlement to punitive damages. 1987 WL 17571, at *1-2; *see*

6

*also Caruso*, 157 F.R.D. at 348 (*Vivino* "only pointed out that the plaintiffs sought punitive damages and had made allegations in support of their contention that defendant's conduct was sufficiently outrageous to warrant such damages" and "the legal sufficiency of those allegations [was] not [] before the court").

Defendants' remaining arguments against discovery of the requested information are unavailing. First, the above conclusion renders moot Defendants' argument that Plaintiff cannot prove a prima facie case (Doc. 15 at 4). Second, Defendants' argument that Plaintiff's case "is without merit, if not frivolous" (*id.* at 4), presents legal conclusions on issues which are not before the Court at this time and have never been presented by way of motion. Third, Defendants' argument that "the issue was specifically raised by the parties at the Joint Case Management Conference" and Defendants expressed then that they wanted to refrain from producing net worth information (*id.* at 4-5) is without legal significance in that no agreement on the issue was reached at the time and Defendants have not otherwise raised the issue before the Court by filing a motion.[1]

---

[1] As noted in Plaintiff's motion,

> Defendants did not object to the discovery requests on the basis that the information was confidential. Nevertheless, recognizing the sensitive nature of the requested information, Plaintiff has offered to enter a protective order. A copy of that protective order was filed on the docket at Doc. 9-1.

## III. Conclusion

For the reasons discussed above, Plaintiff's Motion to Compel (Doc. 12) is granted. An appropriate Order is filed simultaneously with this Memorandum.

                                          S/Richard P. Conaboy
                                          RICHARD P. CONABOY
                                          United States District Judge

DATED: August 28, 2018

---

> Although Defendants have so far refused to agree to the entry of the protective order, Plaintiff remains willing to agree to its entry.

(Doc. 12 at 3 n.2.) The proposed order was submitted as an attachment to the Case Management Plan on June 14, 2018. (Doc. 9-1.) The Minute Sheet from the June 20, 2018, Case Management Conference indicates that the matter was discussed at the conference, Defendants' counsel did not agree to the order, and a motion would be filed if agreement could not be reached. (Doc. 11.) Although Defendants reference the Case Management Conference in their brief, they do not address the proposed protective order. (*See* Doc. 15 at 4-5.) Because Defendants have not responded to Plaintiff's ongoing agreement to enter such an order (Doc. 12 at 3 n.2), the Court will not further consider the issue at this time.